UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LAURAL MONTEITH,<br>　　　　Plaintiff,<br>　　v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　Defendant. | Case No. 18-cv-04481-DMR<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 15, 24 |

Plaintiff Cindy Monteith moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Monteith not disabled and therefore denied her application for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. [Docket Nos. 15 ("Mot."); 25 ("Reply").] The Commissioner cross-moves to affirm. [Docket No. 24 ("Opp.").]

For the reasons stated below, the court grants Monteith's motion for summary judgment, denies the Commissioner's motion for summary judgment, and remands this case for further consideration.

**I.　PROCEDURAL HISTORY**

Monteith filed an application for Social Security Disability Insurance ("SSDI") benefits on October 9, 2014, alleging disability beginning January 30, 2013. A.R. 65, 84. The claim was initially denied on March 12, 2015 and again on reconsideration on June 17, 2015. A.R. 65-82, 84-101, 103-07. On July 10, 2015, Monteith filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 118-19. The hearing took place on March 15, 2017 before ALJ Michael A. Cabotaje.

After the hearing, the ALJ issued a decision finding Monteith not disabled. A.R. 16-25. The ALJ determined that Plaintiff has the following severe impairments: polymyalgia rheumatica

("PMR"), polyneuropathy, and carpel tunnel syndrome ("CTS"). The ALJ found that Plaintiff retains the following residual functional capacity (RFC):

> [T]o perform light work as defined in 20 CFR 404.1567(b) except frequent climbing of ladders, ropes or scaffolds, frequent crawling, and frequent handling and fingering with the left upper extremity.

A.R. 21.

Relying on the opinion of a vocational expert (VE) who testified that an individual with such an RFC could perform Monteith's past relevant work as a cafeteria manager, the ALJ concluded that Plaintiff is not disabled. A.R. 24-25.

The Appeals Council denied Monteith's request for review on May 25, 2018. A.R. 1-6. The ALJ's decision therefore became the Commissioner's final decision. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Monteith then filed suit in this court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's

1  decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

The court has reviewed and considered the entire record. For the purposes of brevity, only the evidence relevant to the court's decision is summarized here.

## III. ISSUES PRESENTED

Monteith argues that the ALJ erred in (1) failing to find that she has a severe mental impairment and (2) finding that she can perform past relevant work as actually performed.

## IV. DISCUSSION

### A. Severity

Monteith argues that the ALJ erred in failing to find that she has a severe mental impairment.

#### 1. Legal Standard for Severity

At step two of the five-step sequential evaluation for disability claims, the ALJ must determine whether the claimant has one or more severe impairments that significantly limit a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c); 416.920(a)(4)(ii) and (c). "Basic work activities are abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quotation omitted). The Ninth Circuit has held that "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citation omitted). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." *Id.* (quotations omitted). A severe impairment "must be established by objective medical evidence from an acceptable medical source," 20 C.F.R. § 416.921, and the ALJ must "consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Smolen*, 80 F.3d at 1290 (citations omitted). In addition, when assessing a claimant's RFC, an ALJ must consider all of the claimant's medically determinable impairments, both severe and non-severe. 20 C.F.R. §§ 416.920(e), 416.945; *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *see also* SSR 96-8p, 1996 WL 374184, at *5 ("In

assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments [because] limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.").

### 2. Analysis

The ALJ determined that Monteith has medically determinable mental impairments, including PTSD, depression, and anxiety. A.R. 19. However, he found that those impairments "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities," and therefore are not severe. A.R. 19. In support of his conclusion, ALJ pointed to Monteith's generally normal mental status exams, her self-reported activities of daily living ("ADLs"), and the lack of longitudinal psychiatric history. A.R. 20.

The court concludes the ALJ erred in the step two analysis. First, the Commissioner's own psychological examiner, Jennifer Eggert, PhD, diagnosed Monteith with PTSD and major depressive disorder and assessed work-related psychological limitations. A.R. 373-74. State agency psychiatric consultant Aroon Suansilppongse, MD found that Monteith has severe mental impairments and assessed mental RFC. A.R. 73-78. This determination was affirmed on reconsideration. A.R. 92. Although the state agency psychiatric consultants assessed a less restrictive RFC than Dr. Eggert, each of the Commissioner's own physicians determined that Monteith's mental impairments are severe.[1] There are no other medical opinions as to Monteith's psychological conditions.

Second, although the record does show some normal status exams, there are also status exams that record psychological symptoms. *See* A.R. 316 (recording that Monteith is positive for depression and presents as "anxious/nervous"), A.R. 360 (positive for depression); A.R. 398 (treating physician observed that Monteith is "frustrated and tearful"); ; A.R. 443-44 (same); A.R. 458 (recording that Monteith had a depressed and anxious mood) A.R. 494 (noting that Monteith

---

[1] The ALJ rejected Dr. Eggert's opinion for the reasons examined below. However, he made no findings with respect to the state agency psychologist consultants, who also assessed severe limitations.

4

appeared "distressed"). On December 12, 2016, Monteith reported to an emergency room for suicidal ideation. A.R. 473. In light of these records, the ALJ's summary conclusion that Monteith's mental status exams were normal is overbroad and unsupported. *See Garrison v. Colvin*, 759 F.3d at 1017 (stating that it is "error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

Third, the ALJ observed that Monteith's ADLs such as gardening and exercising appear to alleviate her mental distress. A.R. 19. However, the ALJ's characterization of Monteith's ADLs obscures some relevant details. For example, Dr. Eggert assessed significant limitations in Monteith's ability to accept instructions from supervisors and her ability to deal with the stress encountered in competitive work environments. A.R. 374. The state agency psychiatric consultants also opined that Monteith's ability to interact with others and deal with stress is "significantly limited." A.R. 74, 93. Limitations as to stress and social interaction are not contradicted by Monteith's ability to perform hobbies on her own, such as gardening and exercising.

Finally, the ALJ noted the paucity of Monteith's mental health treatment. While an ALJ may consider "unexplained or inadequately explained failure to seek treatment," *Smolen*, 80 F.3d at 1284, this reason is insufficient to support the ALJ's conclusion that Monteith has no severe mental impairments. The step two analysis is a de minimis inquiry and "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." *Smolen*, 80 F.3d at 1290 (quotations omitted). In light of the uncontradicted opinions of the Commissioner's physicians and the ALJ's mischaracterizations of the record, the court cannot find that the ALJ's conclusion was supported by substantial evidence.

Accordingly, the ALJ erred in determining that Monteith does not have severe mental impairments.

**B.     Past Relevant Work**

Monteith also argues that the ALJ erred in finding that she could perform her past relevant work as a cafeteria manager. The court finds that it is premature to reach this argument in light of

its finding of error with respect to severity. Should the ALJ find that Monteith has severe mental impairments, the ALJ would then assess a mental RFC. Any additional RFC could impact the ALJ's decision as to whether Monteith can perform her past relevant work.

## V. CONCLUSION

For the foregoing reasons, the court grants Monteith's motion, denies the Commissioner's cross-motion, and remands this case for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: February 17, 2020



_____
Judge Donna M. Ryu
United States Magistrate Judge