UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LAURAL MONTEITH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 18-cv-04481-DMR<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 31 |

Plaintiff Cindy Monteith filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny her application for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. The court granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. [Docket No. 26.] Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits. Plaintiff's counsel Lawrence Rohlfing now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 31 ("Mot.").] The Commissioner filed an analysis of the fee request. [Docket No. 34 ("Response").]

Having carefully considered the parties' submissions, the court grants the motion.

**I.  BACKGROUND**

Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits on October 9, 2014. Her application was initially denied on March 12, 2015 and again on reconsideration on June 17, 2015. Following a hearing, an ALJ issued a decision finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, she appealed to this court. The court granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. [Docket

No. 26.] On December 9, 2020, an ALJ issued a fully favorable decision. Mot. at 10-11, Declaration of Lawrence Rohlfing ("Rohlfing Decl."), Ex. 2. Plaintiff was awarded $54,286 in past-due disability benefits.[1] Response, Ex. A.

The retainer agreement between Plaintiff and Rohlfing permits Rohlfing to request an attorneys' fees award of up to 25% of any past-due benefits awarded. Rohlfing Decl., Ex. 1. Rohlfing is requesting an award of attorneys' fees in the amount of $8,173. Mot. at 3. Of this amount, Plaintiff will be refunded $3,000 for the Equal Access to Justice Act ("EAJA") fees this court approved on April 29, 2020. *See* Docket No. 30.

The Commissioner does not oppose Rohlfing's request for fees. Instead, he presents an analysis of the requested fees in his role "resembling that of a trustee" for Plaintiff. *See* Response at 2.

## II. LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

---

[1] The motion states that Plaintiff is entitled to receive only $44,694 in retroactive benefits. It is unclear from the documentation submitted with the motion how Plaintiff's counsel arrived at that figure. In any case, Rohlfing's requested fee amount is less than 25% of either amount and so the discrepancy is not material to this motion.

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

**III.   DISCUSSION**

In this case, Rohlfing reports that his office spent 16.95 hours litigating this case, which includes 12.75 hours of attorney time and 4.2 hours of paralegal time. Rohlfing Decl., Ex. 4. Therefore, granting Rohlfing's request of $8,173 in attorneys' fees would result in an effective hourly rate of $641.02.[2]

Upon considering the record and arguments, the court finds that fees requested are reasonable. First, the requested fee amount amounts to approximately 15% of the retroactive benefits awarded, which is well below the statutory maximum of 25%. The hours Rohlfing expended on this case also appear to be reasonable. *See* Rohlfing Decl., Ex. 4.

Second, although Rohlfing's effective hourly rate is high, *Gisbrecht* and *Crawford* makes clear that lodestar methodology should not drive fee awards under section 406(b). This is because "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)). Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp.

---

[2] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

3

2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).

Third, California district courts have awarded comparable or greater fees under section 406(b), including to Rohlfing. *See, e.g.*, *Morrieson v. Saul*, 2020 WL 2404614, at *1 (E.D. Cal. May 12, 2020) (awarding Rohlfing $20,600 in attorneys' fees out of the claimant's total award of $106,446); *Truett v. Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding an attorney 24.9% of the past-due benefits, which resulted in an effective hourly rate of $1,788.62); *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83 and 24.37% of the past-due benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34 reasonable); *Ciletti v. Berryhill*, No. 17-cv-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (granting a fee request for $35,442.00, which constituted 23.47% of the past-due benefits awarded).

Finally, nothing in the record suggests that Rohlfing provided substandard representation. He achieved a substantial award of past-due benefits for his client. Plaintiff was served with notice of the current motion and did not oppose. *See* Mot. at 12, Proof of Service.

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV. CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $8,173. Rohlfing shall refund Plaintiff the $3,000 previously awarded under EAJA.

**IT IS SO ORDERED.**

Dated: June 15, 2021



Donna M. Ryu
United States Magistrate Judge